UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY, by and through his Guardian-Ad-Litem KRISTINA COMPHER; C.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY, by and through his Guardian-Ad-Litem KRISTINA COMPHER; and A.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY, by and through her Guardian-Ad-Litem KRISTINA COMPHER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM POOLE, individually; MICHAEL SIMPSON, individually; and DOES 1–25, inclusive, individually, jointly and severally,<br><br>Defendants. | No. 2:17-cv-02415-TLN-CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

This matter is before the Court pursuant to Defendant Adam Pool and Michael Simpson's ("Defendants") Motion to Dismiss. (ECF No. 8.) Plaintiffs G.M, C.M., and A.M. ("Plaintiffs") oppose Defendants' motion. (ECF No. 12.) The Court has carefully considered the arguments raised by both parties. For the reasons set forth below, Defendants' Motion to Dismiss Plaintiffs'

Complaint is hereby GRANTED with leave to amend.

## I. FACTUAL BACKGROUND

Plaintiffs allege the following facts: Plaintiffs are three children of Decedent Christopher Murphy ("Murphy") bringing suit against Defendant arising out of Murphy's death on December 8, 2016. (ECF No. 1 ¶¶ 1–2.) Murphy was involved in a fiery car accident on Interstate 5 North, in Sacramento, California. (ECF No. 1 ¶ 15.) Murphy managed to escape the wreckage of the accident. (ECF No. 1 ¶ 16.) California Highway Patrol Officers, two of whom are Defendants, arrived at the scene of the accident and found Murphy wandering on the freeway. (ECF No. 1 ¶ 16.) Plaintiffs allege Murphy was physically injured, disoriented, and wandering along the side of the roadway. (*See* ECF No. 1 ¶ 16.) Rather than provide medical care, Plaintiffs claim the officers, including Defendants, placed Murphy in a choke hold, handcuffed, hog-tied, and tased Murphy multiple times. (*See* ECF No. 1 ¶ 17.) They further allege that Defendants used unknown and excessive force on Murphy in a manner that interfered with his ability to breathe. (*See* ECF No. 1 ¶ 17.) Plaintiffs allege Murphy died as a result of Defendants' force. (ECF No. 1 ¶ 18.)

Plaintiffs are three out of Murphy's five surviving children. (ECF No. 1 ¶¶ 3, 6, 7, 8.) They bring two federal and three state causes of action against Defendants as co-successors-in-interest to Murphy. (ECF No. 1.) Plaintiffs argue Defendants' conduct violated the Fourth and Fourteenth Amendments, California Civil Code § 52.1, state wrongful death law, and state assault and battery statutes. (ECF No. 1.) In reference to the state causes of action related to federal claims, Plaintiffs allege they timely filed a Government Tort Claim with the State of California in compliance with California's administrative claim requirements. (ECF No. 1 ¶ 13.)

## II. LEGAL STANDARD

A. Motion to Dismiss for Failure to Join a Party

A motion to dismiss under Rule 12(b)(7) provides a defense to a claim for relief based on failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7); *Paiute-Shoshone Indians of the Bishop Cmty. v. City of Los Angeles*, 637 F.3d 993, 1002 (9th Cir. 2011).

Rule 19 imposes a three-step inquiry: "(1) Is the absent party necessary (i.e., required to

be joined if feasible) under Rule 19(a)? (2) If so, is it feasible to order that the absent party be joined? (3) If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?" *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).

Under the first step, a party may be "necessary" if:

> (A) in that person's absence, the court cannot accord relief among the existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to substantial risk of incurring double, multiple, or inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); *Salt River*, 672 F.3d at 1179. If joinder of a necessary party is not feasible, a plaintiff must nevertheless allege the name of the necessary party and the reasons for not joining that person. Fed. R. Civ. P. 19(c).

The third step of the Rule 19 inquiry is one of "equity and good conscience" that requires a "practical examination of the circumstances" and consideration of at least four interests: (1) the plaintiff's interest in having a forum; (2) the defendant's interest in not proceeding without the required party; (3) the interest of the non-moving party by examining the extent to which the judgment may, as a practical matter, impair or impede its ability to protect its interest in the matter; and (4) the interests of the courts and the public in complete, consistent, and efficient settlement of controversies. *Paiute-Shoshone*, 637 F.3d at 997–1000.

B. Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S.

544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is

4

"a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III. ANALYSIS**

A. Failure to Join Necessary Parties

In their motion to dismiss, Defendants allege that Plaintiffs failed to join all necessary parties pursuant to Federal Rule of Civil Procedure 19. (ECF No. 8 at 6–8.) Plaintiffs claim negligent wrongful death as well as 42 U.S.C. § 1983 claims under Fourth and Fourteenth amendment theories. (*See* ECF No. 1 at 6–9.) The first step of a Rule 19 analysis requires a determination of whether the absent parties, here the decedent's other children, are "necessary." *Salt River*, 672 F.3d at 1179.

In section 1983 actions, survivors can assert a claim on a deceased individual's behalf if permitted by the law of the state in which the action is sitting. *See Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998.) Under California law, wrongful death is a statutory claim. Cal. Civ. Proc. Code § 377.60; *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 807 (1997). California Code of Civil Procedure section 377.60 provides that a cause of action and damages for the death of a person caused by the wrongful and/or negligent act of another can be asserted by the decedent's surviving children. California courts have interpreted this statute to mean wrongful death actions are considered "joint, single and indivisible." *Ruttenberg*, 53 Cal.

App. 4th at 807. The court, in *Cross v. Pac. Gas Elec. Co.*, defined joint, single and indivisible as follows:

> In stating that an action for wrongful death is joint, it is meant that all heirs should join . . . the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, . . . it is instituted by all or only one of the heirs . . . and when it is said the action is indivisible, it is meant that there cannot be a serios of suits by heirs against the tortfeasor for their individual damages.

60 Cal. 2d 690, 694 (1964). California courts have further ruled that a non-joined heir is not an "indispensable party" to a wrongful death action, and courts have jurisdiction to try a wrongful death action even absent joinder of one or more heirs of the decedent. *Ruttenberg*, 53 Cal. App. 4th at 808.

However, while not "indispensable," omitted heirs are still "necessary parties," in that the plaintiff heirs have a mandatory duty to join all known omitted heirs in the single action for wrongful death. *See Id.* If an heir refuses to participate in the suit as a plaintiff, he or she may be named as a defendant so that all heirs are before the court in the same action; an heir named as a defendant in a wrongful death action is, in reality, a plaintiff. *Id*; *Smith v. Premier Alliance Ins. Co.*, 41 Cal. App. 4th 691, 697 (1995).

In their Complaint, Plaintiffs state that Murphy left behind five children. (ECF No. 1 ¶ 20.) Yet, only three of the children, G.M., C.M., and A.M., are parties to this action. (ECF No. 1 ¶¶ 6–8.) Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(7), which permits a party to move for dismissal due to the failure to join a necessary party under Rule 19. (ECF No. 8 at 6.) Plaintiffs explain in their opposition that the two children who were not named as parties are from another mother, and that Plaintiffs have been in contact with the mother to ascertain if she intends to bring suit on behalf of her minor children. (ECF No. 12 at 4.) Plaintiffs request leave to amend their Complaint to add the remaining minors as plaintiffs or to name them as nominal defendants. (*See* ECF No. 12 at 4.)

However, California courts have found that merely "naming" parties as nominal

6

defendants in wrongful death actions is not the equivalent of "joining" them in the lawsuit and does not satisfy the Rule 19 obligation. *See Ruttenberg*, 53 Cal. App. 4th at 808; *see also Romero v. Pac. Gas & Elec. Co.*, 156 Cal. App. 4th 211, 214 (2007) (holding in the context of section 382 that "[a]n heir named as a nominal defendant . . . but not served with a summons and complaint is not properly joined in the action"). Thus, in their amended complaint, Plaintiffs must do more than merely nominally name the remaining two heirs. In order to comply with Rule 19 requirements and California's wrongful death statute, Plaintiffs must first properly serve the remaining heirs; notice alone does not substitute for proper service. *See Ruttenberg*, 53 Cal. App. 4th at 808. If after being properly served the remaining necessary parties do not wish to participate in the current action, then their names can be added nominally as defendants to the cause of action. *See id.*

For example, in *Watkins v. Nutting*, 17 Cal. 2d 490, 498 (1941), a decedent's widow brought a wrongful death action and named two of decedent's children as defendants. The children filed no answer and a default judgment was entered against the children. *See Id.* The children later sought to reopen the case and obtain their share of the judgement or to participate as plaintiffs in a trial sought by other defendants. *Id.* at 496. The California Supreme Court found that the children did not have the ability to seek damages on their own behalf from the wrongful death defendants, nor could they seek to recover a share of what the plaintiff widow had recovered from the wrongful death defendants. *Id.* at 497. Explained succinctly by the court in *Ruttenberg*:

> [A]lthough the wrongful death plaintiffs were not obliged to produce evidence as to damage sustained by the children, ". . . the nature of the action was a call upon them to inform the jury as to the existence and relationship of all heirs entitled to bring suit. The law's requirement in this regard is so strong that the plaintiff in an action for wrongful death who does not join as a party an heir who is known to him, is liable for the damages resulting to the heir from his failure to do so." Although the children could no longer seek recovery against the other defendants, *Watkins* states that they could seek damages from plaintiff widow.

*Ruttenberg*, 53 Cal. App. 4th at 810 (quoting *Watkins*, 17 Cal. 2.d at 499). Thus, because the cause of action for wrongful death is one to be exercised by *all* the heirs, yet "is a joint one, a

7

single one and an indivisible one," this suit must be brought in the name of the persons to whom the right is given, and an action by some, but not all, of the heirs is not the action authorized under the statute. *See id.*

Accordingly, this Court GRANTS Defendants' motion to dismiss Plaintiffs' Complaint, with leave to amend pursuant to this order.

### B. Compliance with the Presentation Requirement of the Government Claims Act

In their motion to dismiss, Defendants claim that Plaintiffs failed to fully comply with the Presentation Requirement of the Government Claims Act to support their state law claims against Defendants. (ECF No. 8 at 8.) Under the Government Claims Act, "[a] claim relating to a cause of action for death or injury . . . shall be presented as provided . . . not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2. Further,

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim [ ] has been presented to the public entity and has been acted upon by the board, *or has been deemed to have been rejected by the board* in accordance with [this division].

Cal. Gov. Code § 945.4 (italics added).

Defendants allege that even though Plaintiffs pleaded in their Complaint that they timely filed a Government Tort Claim with the State of California, because they did not specifically indicate that the State of California *rejected* the Government Tort Claim, Plaintiffs failed to sufficiently plead their cause of action. (*See* ECF No. 8 at 8.) To support this assertion, Defendant cites to *Dujardin v. Ventura Cty. Gen. Hosp.*, 69 Cal. App. 3d 350 (1977). (ECF No. 8 at 8.) In *Dujardin*, the central issue determined by the court was whether the plaintiff timely filed a written notice to the government agency within the 100-day limit from the incident. *See Dujardin*, 69 Cal. App. 3d at 355. Regarding the requirements to state a cause of action, the court states that "[t]imely compliance with the claim filing requirements and rejection of the claim by the governmental agency must be pleaded in a complaint in order to state a cause of action." *Id.*

Plaintiffs do not dispute that their claims are subject to the Presentation Requirement of

8

the Government Tort Claims Act. (*See* ECF No. 12 at 4–5.) Rather, Plaintiffs allege that they fulfilled the claim presentation requirement by stating in their Complaint that they filed a timely complaint with the State of California. (*See* ECF No. 12 at 5; ECF No. 1 ¶ 13.) Plaintiffs cite to *State of Cal. v. Superior Court (Bodde)*, 32 Cal. 4th 1234 (2004), to support their assertion that they properly alleged compliance because they waited several months after filing the timely complaint with the State of California before commencing the lawsuit. (ECF No. 12 at 5.) The court, in *Bodde*, concluded that the purpose of the claim presentation requirement was to provide sufficient notice to the agency to properly investigate and settle the claim before suit was brought. *Bodde*, 32 Cal. 4th at 1244. If the public agency was given sufficient notice, the court concluded that a prematurely filed claim substantially complied with the claim presentation requirements and would survive demurrer. *See id.*

However, the court also clearly established that "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, [the] complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." *Id.* at 1243. Plaintiffs, in their opposition, allege that they filed an amended complaint to the government on March 30, 2017, and never heard back from the government agency. (*See* ECF No. 12 at 5.) California Government Code section 912.4 states that if a government agency fails or refuse to act on a claim within 45 days, the claim shall be deemed to have been rejected by the board on the last day by which it was required to act upon the claim. Plaintiffs argue that because they waited until November 2017 to file the lawsuit (approximately eight months after the filing), well past the 45-day waiting period, not only did they give the government sufficient notice, but per section 912.4, the claim was deemed as rejected and therefore they fulfilled the claim presentation requirement. (*See* ECF No. 12 at 5.)

Yet, Plaintiffs' Complaint states only that "Plaintiffs timely filed a Government Tort Claim with State of California, noticing Defendants of Plaintiffs' intent to file a lawsuit against involved Officers." (ECF No. 1 ¶ 13.) No date is given as to the timing of the Government Tort Claim. (*See* ECF No. 1.) As explained previously, prior to initiating an action against a public entity, a claimant must wait until his claim has been acted upon or is deemed to have been

rejected by the government agency.  *See* Cal. Gov. Code § 911.2.  Had the date of the Government Tort Claim filing been provided in the complaint, coupled with the date of the initiation of the action, an inference of compliance with the Government Tort Claims act could have been made, as the filing would have been deemed as rejected after the 45th day of inaction. Without indicating the timing of the government filing, no such inference can be made.

Thus, in its current form, Plaintiffs' Complaint has not sufficiently pleaded its causes of action against a public entity.  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' state law claims. However, because of the information provided in Plaintiffs' opposition brief, it can reasonably be concluded that Plaintiffs complied with the Government Tort Claim act requirements, and merely failed to sufficiently plead such in their complaint, the Court GRANTS Plaintiffs leave to amend their Complaint, in accordance with this order.

**IV.  CONCLUSION**

For the foregoing reasons, the Court orders as follows;

1. Defendants' motion to dismiss Plaintiffs' Complaint is GRANTED with leave to amend;
2. Plaintiffs are granted thirty (30) days from the date of this Order to file a First Amended Complaint.  Defendants are afforded twenty-one (21) days from the date Plaintiffs files an amended complaint to answer the complaint.

IT IS SO ORDERED

Dated: September 11, 2019

Troy L. Nunley
United States District Judge