XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7515
  Fax:  (916) 322-8288
  E-mail:  LeeAnn.Whitmore@doj.ca.gov
*Attorneys for Defendants Adam Poole*
*and Michael Simpson*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **G.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY, by and through his Guardian-Ad-Litem KRISTINA COMPHER; C.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY by and through his Guardian-Ad-Litem KRISTINA COMPHER; and A.M. individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY by and through her Guardian-Ad-Litem KRISTINA COMPHER, individually ,** | Case No.: 2:17-cv-02415-TLN-CKD<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |
| Plaintiffs, | Action Filed:  November 15, 2017 |
| **v.** | |
| **ADAM POOLE, individually; MICHAEL SIMPSON, individually; and DOES 1-25, inclusive, individually, jointly and severally,** | |
| Defendants. | |

1

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in paragraph 9.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The following Stipulated Protective Order shall govern the use and disclosure of the documents and materials listed herein, and any other documents that are designated "confidential" by the producing party.

2.     DEFINITIONS

"Confidential" information or items is defined as information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and for which public disclosure is likely to result in particularized harm, or is privileged under law, and/or violates privacy or official information interests recognized by law, or is otherwise entitled to protection.

Other items may be included as Confidential for purposes of this order by agreement of the parties or by court order on noticed motion. This information may include, but is not limited to:

   a.     personnel file records of any peace officer;

   b.     videos;

   c.     medical and/or mental health records;

   d.     social security numbers and similar sensitive identifying information

2

(unless redacted by order or by agreement of all parties); and

    e.     plaintiff family photographs;

    f.     autopsy reports and photographs.

Other items may be included as Confidential for purposes of this order by agreement of the parties or by court order on noticed motion.

3.    <u>SCOPE</u>

3.1    The protections conferred by this Stipulation and Order cover not only Confidential material (as defined above), but also (1) any information copied from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material that reveal the source of the Confidential material or that reveal specific information entitled to confidentiality as a matter of law; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential material at trial shall be governed by a separate agreement or order.

3.2    The documents, materials, and their contents may be used by the parties and their counsel only in this litigation and may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court orders in those separate proceedings or actions.

3.3    The documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by plaintiff or her counsel, representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c) the parties' expert

3

1  consultants in this litigation for purposes of expert consultation and trial testimony preparation;

2  (d) court reporters and their staff, professional jury or trial consultants, mock jurors, and

3  Professional Vendors to whom disclosure is reasonably necessary for this litigation, and (e) the

4  Court in this action, for purposes of this litigation.

5      3.4    Expert consultants must sign the "Acknowledgment and Agreement to be Bound"

6  (Exhibit A) an executed copy of which will be provided to the opposing counsel within seven (7)

7  days after formal disclosure of such consultants as expert witnesses in this litigation.

8      3.5    Any individual who is shown Confidential material must sign the "Acknowledgment

9  and Agreement to be Bound" (Exhibit A), an executed copy of which must be kept on file by the

10  disclosing attorney's office, in the event a request by opposing counsel is made, in response to

11  which a copy must be provided to opposing counsel within (7) days of such a request, including

12  as to those individuals identified in paragraph 3.3 (d). This paragraph excludes materials shown to

13  consultants on a confidential basis, however; as to consultants or experts that are not formally

14  disclosed, the signatories to this protective order are agreeing, by signing below, to abide by this

15  provision, which expressly requires that any individual who is shown Confidential material must

16  sign the "Acknowledgment and Agreement to be Bound" (Exhibit A).

17      4.    DURATION

18      Even after final disposition of this litigation, the confidentiality obligations imposed by this

19  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

20  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

21  and defenses in this action, with or without prejudice; and (2) final judgment herein after the

22  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

23  including the time limits for filing any motions or applications for extension of time pursuant to

24  applicable law.

25      5.    DESIGNATING PROTECTED MATERIAL

26      5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

27  Non-Party that designates information or items for protection under this Order must take care to

28  limit any such designation to specific material that qualifies under the appropriate standards. The

4

1   Designating Party must designate for protection only those parts of material, documents, items, or

2   oral or written communications that qualify – so that other portions of the material, documents,

3   items, or communications for which protection is not warranted are not swept unjustifiably within

4   the ambit of this Order.

5          Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

6   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

7   encumber or retard the case development process or to impose unnecessary expenses and burdens

8   on other parties) expose the Designating Party to sanctions.

9          If it comes to a Designating Party's attention that information or items that it designated for

10   protection do not qualify for protection, that Designating Party must promptly notify all other

11   Parties that it is withdrawing the mistaken designation.

12          5.2     Manner and Timing of Designations. Except as otherwise provided in this Order, or

13   as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14   under this Order must be clearly so designated before the material is disclosed or produced.

15          Designation in conformity with this Order requires:

16              (a)  for information in documentary form (e.g., paper or electronic documents, but

17          excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

18          Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If

19          only a portion or portions of the material on a page qualifies for protection, the Producing

20          Party also must clearly identify the protected portion(s) (e.g., by making appropriate

21          markings in the margins).  If only a portion or portions of the material on a page qualifies

22          for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

23          by making appropriate markings in the margins).

24              (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

25          Designating Party identify on the record, before the close of the deposition, hearing, or other

26          proceeding, all protected testimony.

27              (c)  for information produced in some form other than documentary and for any other

28          tangible items, that the Producing Party affix in a prominent place on the exterior of the

                                              5

1  container or containers in which the information or item is stored the legend

2  "CONFIDENTIAL." If only a portion or portions of the information or item warrant

3  protection, the Producing Party, to the extent practicable, shall identify the protected

4  portion(s).

5       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

6  designate qualified information or items does not, standing alone, waive the Designating Party's

7  right to secure protection under this Order for such material. Upon timely correction of a

8  designation, the Receiving Party must make reasonable efforts to assure that the material is

9  treated in accordance with the provisions of this Order.

10       6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

11       6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

12  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

13  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

14  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

15  challenge a confidentiality designation by electing not to mount a challenge promptly after the

16  original designation is disclosed.

17       6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

18  by providing written notice of each designation it is challenging and describing the basis for each

19  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

20  recite that the challenge to confidentiality is being made in accordance with this specific

21  paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good

22  faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

23  communication are not sufficient) within 14 days of the date of service of notice. In conferring,

24  the Challenging Party must explain the basis for its belief that the confidentiality designation was

25  not proper and must give the Designating Party an opportunity to review the designated material,

26  to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

27  for the chosen designation. A Challenging Party may proceed to the next stage of the challenge

28

6

1  process only if it has engaged in this meet and confer process first or establishes that the

2  Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3       6.3    Judicial Intervention. If disagreements remain regarding a designation, the parties

4  shall file a Joint Discovery Dispute Statement under Eastern District Local Rule 230 and 251 (and

5  in compliance with Eastern District Local Rules 141 and 141.1, if applicable). The party

6  challenging a confidentiality designation may file a Joint Discovery Dispute Statement

7  challenging a confidentiality designation at any time if there is good cause for doing so, including

8  a challenge to the designation of a deposition transcript or any portions thereof. **Lead trial**

9  **counsel for both parties must sign the statement**, which shall include an attestation that the

10  parties met and conferred in person or by telephone regarding all issues prior to filing the letter.

11  Going issue-by-issue, the joint statement shall describe each unresolved issue, summarize each

12  party's position with appropriate legal authority; and provide each party's final proposed

13  compromise before moving to the next issue. The joint letter shall not exceed ten pages without

14  leave of court. **Parties are expected to plan for and cooperate in preparing the joint**

15  **statement so that each side has adequate time to address the arguments.** In the rare instance

16  that a joint statement is not possible, each side may submit a statement not to exceed four pages,

17  which shall include an explanation of why a joint statement was not possible. The parties shall

18  submit one exhibit to the statement that only sets forth each disputed designation in full, followed

19  immediately by the objections and/or responses thereto. No other information shall be included in

20  any such exhibit.  No other exhibits shall be submitted without prior approval by the court. The

21  court will review the submission(s) and determine whether formal briefing or proceedings are

22  necessary.

23      The burden of persuasion in any such challenge proceeding shall be on the Designating

24  Party.  Until the court rules on the challenge, all parties shall continue to treat the material in

25  question as "CONFIDENTIAL."

26      7.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

28  Material to any person or in any circumstance not authorized under this Stipulated Protective

1    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

2    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

3    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

4    made of all the terms of this Order, and (d) request such person or persons to execute the

5    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

6        8.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
             PROTECTED MATERIAL

7

8        When a Producing Party gives notice to Receiving Parties that certain inadvertently

9    produced material is subject to a claim of privilege or other protection, the obligations of the

10   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

11   provision is not intended to modify whatever procedure may be established in an e-discovery

12   order that provides for production without prior privilege review. Pursuant to Federal Rule of

13   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

14   communication or information covered by the attorney-client privilege or work product

15   protection, the parties may incorporate their agreement in the stipulated protective order

16   submitted to the court.

17       9.    MISCELLANEOUS

18       9.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

19   its modification by the court in the future.

20       9.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

21   no Party waives any right it otherwise would have to object to disclosing or producing any

22   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

23   Party waives any right to object on any ground to use in evidence of any of the material covered

24   by this Protective Order.

25       9.3    Filing Confidential material. Without written permission from the Designating Party

26   or a court order secured after appropriate notice to all interested persons, a Party may not file in

27   the public record in this action any Confidential material. A Party that seeks to file under seal any

28   Confidential material must comply with Civil Local Rule 141. Confidential material may only be

1    filed under seal pursuant to a court order authorizing the sealing of the specific Confidential

2    material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request

3    establishing that the Confidential material at issue is privileged, and/or violates privacy or official

4    information interests recognized by law, or is otherwise entitled to protection under the law. If a

5    Receiving Party's request to file Confidential material under seal pursuant to Civil Local Rule

6    141(b) is denied by the court, then the Receiving Party may file the information in the public

7    record pursuant to Civil Local Rule 141(e)(1) unless otherwise instructed by the court.

8            10.    RETURN OF CONFIDENTIAL MATERIAL

9            Within 90 days after the final disposition of this action, as defined in Section 4, upon written

10   notification served by Producing or Designating Party, each Receiving Party must return all

11   Confidential material to the Producing Party or destroy such material. As used in this subdivision,

12   "all Confidential material" includes all copies, abstracts, compilations, summaries, and any other

13   format reproducing or capturing any of the Confidential material. Whether the Confidential

14   material is returned or destroyed, the Receiving Party must submit a written certification to the

15   Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day

16   deadline that (1) identifies (by category, where appropriate) all the Confidential material that was

17   returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

18   abstracts, compilations, summaries or any other format reproducing or capturing any of the

19   Confidential material.

20           11.    REMEDIES

21           Any party believing that this order is being violated may move for a court order of

22   enforcement. The motion shall be subject to all local rules governing motions concerning

23   discovery disputes, including but not limited to meet and confer requirements. Said motion may

24   be brought at any time up to final entry of judgment in this matter.

25       12.    LOCAL RULE 141.1 STATEMENT

26       In accordance with the provisions of Local Rule 141.1, the parties state as follows:

27           (1)   The information eligible for a protective order in this case is:

28               a.    employment records that would otherwise be privileged;

b.      law enforcement tactical and  evaluative information;

c.      confidential  information concerning the privacy of third parties to this

lawsuit.

(2)   A particularized need exists as to these categories as follows:

a.      These records contain confidential and personal information;

b.      These records contain information that may constitute official information

and could risk the safety and security of law enforcement officers if publicly

disseminated;

c.      These records contain information of third parties to this lawsuit that are

confidential and personal in nature.

(3)   A court order is needed to ensure the privacy and confidentiality of this

information is enforceable after the litigation has ended.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 30, 2020

LAW OFFICES OF JOHN L BURRIS
-and- POINTER & BUELENA LLP

/s/

/s/
*Attorneys for Plaintiffs G.M., A.M. and C.M.*

Dated:  June 30, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendants Adam Poole and
Michael Simpson*

10

Stipulation for Protective Order and Order  (2:17-cv-02415-TLN-CKD)

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3

     Dated:  July 6, 2020
4
                                                     _____
5                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation for Protective Order and Order  (2:17-cv-02415-TLN-CKD)

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] _____ in the case of *G.M. et al. v. Adam Poole, Michael Simpson et al,* Case Number 2:17-cv-02415-TLN-CKD,  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SA2017307089

12