UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.M., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADAM POOLE, et al.,<br><br>    Defendants. | No. 2:17-cv-02415-TLN-CKD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

    This matter is before the Court pursuant to Plaintiffs G.M., C.M., and A.M.'s (collectively, "Plaintiffs") Motion to File a Second Amended Complaint. (ECF No. 28.) Defendants California Highway Patrol Officers Adam Poole and Michael Simpson (collectively, "Defendants") oppose Plaintiffs' motion. (ECF No. 29.) Plaintiffs have filed a reply. (ECF No. 30.) For the reasons set forth herein, Plaintiffs' Motion to File a Second Amended Complaint is hereby GRANTED. (ECF No. 28.)

    Plaintiffs are three children of Decedent Christopher Murphy ("Murphy") who have filed a wrongful death suit against Defendants. (ECF No. 17 at ¶¶ 1–2.) Murphy was involved in a fiery car accident on Interstate 5 North, in Sacramento, California. (*Id*. at ¶ 17.) Murphy managed to escape the wreckage of the accident. (*Id*. at ¶ 18.) Defendants arrived at the scene of the accident and found Murphy who was physically injured and disoriented after escaping the wreckage. (*Id*.) Rather than provide medical care, Plaintiffs allege Defendants placed Murphy in

1

a choke hold, handcuffed, hog-tied, and tased Murphy multiple times. (*Id*. at ¶ 19.) They further allege Defendants used unknown and excessive force on Murphy in a manner that interfered with his ability to breathe. (*Id*.) Plaintiffs allege Murphy died as a result of Defendants' force. (*Id*. at ¶ 20.)

Plaintiffs are three out of Murphy's five surviving children. (*Id.* at ¶¶ 3, 6–8.) On November 15, 2017, Plaintiffs initiated the instant action against Defendants. (ECF No. 1.) On September 12, 2019, this Court granted with leave to amend Defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(7) motion to dismiss Plaintiffs' Complaint for failure to join a party under Rule 19. (*See* ECF No. 16.) This Court concluded that Murphy's two remaining heirs, G.M. and K.M., are necessary parties to the case. (*See id.* at 6–7.) As such, the Court found that Plaintiffs must properly serve G.M. and K.M. with a summons and complaint to comply with Rule 19 requirements and California's wrongful death statute. (*Id*. at 7.) On October 11, 2019, Plaintiffs filed the operative First Amended Complaint ("FAC"), alleging various state and federal law claims arising from Murphy's death and naming G.M. and K.M. as plaintiffs to the instant action. (*See* ECF No. 17.) On November 2, 2019, Plaintiffs served the summons and the FAC on G.M. and K.M., by and through their mother and guardian Brianna Latino, and filed the proof of service with the Court on November 21, 2019. (*See* ECF No. 19.)

Plaintiffs have moved for leave to file a Second Amended Complaint "that names the remaining heirs as nominal defendants in accordance with this Court's order." (ECF No. 28 at 3.) Plaintiffs argue that they served G.M. and K.M. pursuant to the Court's order (*see* ECF No. 16) and nearly a year has passed with no response. (*Id.* at 4.)

Defendants oppose the motion, asserting that "Plaintiffs have failed to serve the motion to name the remaining heirs as nominal defendants . . . and this deprives them [of] actual notice of the proceeding." (ECF No. 29 at 2.) Defendants maintain that since "it is not clear that the remaining heirs have been provided with actual notice of the intention to name them as nominal defendants, Plaintiffs' motion to amend the complaint should be denied." (*Id*.)

In response, Plaintiffs contend that "Defendants agree that Brianna Latino . . . was the proper person to serve" and "Plaintiffs filed a proof of service that Brianna Latino was personally

served," meaning that the remaining heirs have been served. (ECF No. 30 at 1–2 (emphasis omitted).)

This Court previously held in its September 12, 2019 Order that to comply with Rule 19 requirements and California's wrongful death statue, Plaintiffs must properly serve the remaining heirs — notice alone does not substitute for proper service. (ECF No. 16 at 7 (citing *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997)).). If, after proper service, the remaining heirs do not wish to participate in the instant action, they "may be named as . . . defendant[s] so that all heirs are before the court in the same action." *Ruttenberg*, 53 Cal. App. 4th at 808.

Here, Plaintiffs provided the Court with proof of service of the summons and the FAC to the remaining heirs, G.M. and K.M, by and through their mother and guardian Brianna Latino, on November 11, 2019. (*See* ECF No. 19.) Further, Plaintiffs contend that, as of the filing date of their motion to amend, "the remaining heirs have not filed or taken any steps to participate in this litigation." (ECF No. 28 at 3.) Thus, Plaintiffs are permitted to add the remaining heirs as nominal defendants because they do not wish to participate in the instant action. *See Ruttenberg*, 53 Cal. App. 4th at 808.

Accordingly, pursuant to the Court's September 12, 2019 Order, Plaintiffs' Motion to File a Second Amended Complaint naming G.M. and K.M. as nominal defendants is GRANTED. (ECF No. 28.) Plaintiffs shall file their Second Amended Complaint no later than fourteen (14) days from the electronic filing date of this Order. Defendants shall file a responsive pleading no later than twenty-one (21) days after the electronic filing date of Plaintiffs' Second Amended Complaint.

IT IS SO ORDERED.

DATED: June 24, 2021

Troy L. Nunley
United States District Judge