MELISSA C. NOLD, SBN 301378
Nold Law
521 Georgia Street
Vallejo, CA 94590
707-644-4004
Email: melissa@noldlaw.com

PATRICK BUELNA, ESQ., SBN 317043
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Wells Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY, by and through his Guardian-Ad-Litem KRISTINA COMPHER; C.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY, by and through his Guardian-Ad-Litem KRISTINA COMPHER; and A.M., individually and as co-successor-in-interest to Decedent CHRISTOPHER MURPHY, by and through her Guardian-Ad-Litem KRISTINA COMPHER;<br><br>        Plaintiffs,<br>v.<br><br>ADAM POOLE, individually; MICHAEL SIMPSON, individually; and DOES 1-25, inclusive, individually, jointly and severally; nominal defendant K.M., by and through her Mother/Guardian BRIANNA LATINO, individually and as co-successor-in-Interest to Decedent CHRISTOPHER MURPHY; and nominal defendant G.M., by and through her | CASE NO.:  2:17-cv-02415-TLN-CKD<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT |

Mother, BRIANNA LATINO, individually and as co-successor-in-Interest to Decedent CHRISTOPHER MURPHY

Defendants.

## INTRODUCTION

1. This case arises out of the wrongful death of CHRISTOPHER MURPHY, who was victim of unwarranted and egregious excessive force by Defendant California Highway Patrol Officers ADAM POOLE and MICHAEL SIMPSON.

2. In the late evening of December 8, 2016, Decedent CHRISTOPHER MURPHY was involved in a vehicle collision on Interstate 5, in Sacramento, California. After narrowly escaping the fiery wreck, Mr. Murphy was contacted by Defendant California Highway Patrol Officers POOLE and SIMPSON, as he was wandering in the roadway. Instead of offering the injured man the obvious necessary medical care he needed, Defendants opted to handcuff, hog-tie and tase Christopher Murphy multiple times, until he became unresponsive. Christopher Murphy died as a result of actions of Defendants unwarranted and excessive force.

3. Decedent CHRISTOPHER MURPHY left behind five traumatized children.

## JURISDICTION

4. Decedent CHRISTOPHER MURPHY left behind five traumatized children.This action arises under Title 42 of the United States Code, Section 1983. Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Sacramento, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

5. Decedent, Christopher Murphy (hereinafter "MURPHY"), was a resident of California and United States Citizen. Decedent Christopher Murphy was unmarried at the time of his death and died intestate. Decedent Christopher Murphy did not file any legal actions prior to his

death. Decedent has five surviving minor children and one surviving biological parent, Kathy Fenter.

6. Plaintiff, G.M., a minor, sues in his individual capacity through his Guardian-Ad- Litem KRISTINA COMPHER, as Decedent Christopher Murphy's child and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402, by and through his Guardian-Ad-Litem KRISTINA COMPHER.

7. Plaintiff, C.M., a minor, sues in his individual capacity through her Guardian-Ad- Litem KRISTINA COMPHER, as Decedent Christopher Murphy's child and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402, by and through her Guardian-Ad-Litem KRISTINA COMPHER.

8. Plaintiff, A.M., a minor, sues in his individual capacity through her Guardian-Ad- Litem KRISTINA COMPHER, as Decedent Christopher Murphy's child and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402, by and through her Guardian-Ad-Litem KRISTINA COMPHER.

9. Nominal Defendant, K.M., a minor, sues in her individual capacity through her Mother/Guardian, BRIANNA LATINO, as Decedent Christopher Murphy's child and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402, by and through her Mother BRIANNA LATINO. Nominal defendant is not being represented by counsel, was served with the operative complaint and declined to join the lawsuit or participate in anyway.

10. Nominal Defendant, G.M., a minor, sues in her individual capacity through her Mother/Guardian, BRIANNA LATINO, as Decedent Christopher Murphy's child and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402, by and through her Mother BRIANNA LATINO. Nominal defendant is not being represented by counsel. Nominal defendant is not being represented by counsel, was served with the operative complaint and declined to join the lawsuit or participate in anyway.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

iii

11. At all times mentioned herein, Defendant, ADAM POOLE, (hereinafter "POOLE"), was a Police Officer for the California Highway Patrol, and is sued in his individual capacity.

12. At all times mentioned herein, Defendant, MICHAEL SIMPSON, (hereinafter "SIMPSON"), was a Police Officer for the California Highway Patrol, and is sued in his individual capacity.

13. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend her complaint subject to further discovery.

14. In engaging in the conduct alleged herein, Defendants acted under the color of law and in the course and scope of his employment with California Highway Patrol. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of the State of California.

15. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs timely filed a Government Tort Claim with the State of California on May 30, 2017, noticing Defendants of Plaintiffs' intent to file a lawsuit against the involved Officers.

16. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## STATEMENT OF FACTS

17. On December 8, 2016, at approximately 11:30 p.m., Decedent Christopher Murphy was involved in a fiery, rollover car accident, on Interstate 5 North, near Power Line Road, in Sacramento, California.

18. California Highway Patrol Officers, Defendants Adam Poole and Michael Simpson arrived at the scene of the rollover accident. Mr. Murphy climbed out of his vehicle, which was overturned and on fire. Decedent Murphy was physically injured from the collision and disoriented after escaping the wreckage.

19. Instead of providing Decedent Murphy emergency medical care, Defendants Poole and Simpson handcuffed, hog-tied and tased Decedent Murphy multiple times, in addition to using other unknown and excessive force on the injured man. As a direct result of Defendants' actions, includling interference with Mr. Murphy's ability to breathe, Mr. Murphy became unresponsive and lost vital signs of life.

20. Lifesaving measures were unsuccessful and Decedent Murphy died as a result of the Defendants' excessive and unwarranted force.

21. After the incident, California Highway Patrol did not release a public statement regarding Mr. Murphy's death. Two weeks after Mr. Murphy's death, after succuming to public pressure, California Highway Patrol agent/spokeman Rodney Fitzhugh reported that Mr. Murphy was tased with the taser in 'drive stun' mode, which does not release a significant electrical currrent. However, Mr. Fitzhugh's claims are belied by fire and medical records. In official reports, Sacramento Fire Department first responders indicate that when they arrived on scene Mr. Murphy had taser barbs all over his body, front and back. Plaintiffs contend that Taser barbs being found on a person's body are only the product of the Taser being used in deployment mode, as opposed to drive-stun mode. Further, hospital records reveal that Mr. Murphy arrived at the emergency room with taser barbs still inbedded in his flesh. Toxicology reports indicate that Mr. Murphy was not under the influence of drugs or alcohol at the time of his death.

22. Decedent Christopher Murphy leaves behind five devastated children.

## DAMAGES

23. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: All Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral and financial support.

24. Plaintiffs C.M., A.M. and G.M., by and through their Guardian-Ad-Litem Kristina Compher; and nominal defendants K.M. and G.M., by and through their Mother/Guardian Brianna Latino, bring this claim as co-successors-in-interest to Decedent and seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

25. Plaintiffs C.M., A.M., and G.M., by and through their Guardian-Ad-Litem Kristina Compher; and K.M. and G.M., by and through their Mother/Guardian Brianna Latino, are further entitled to recover damages incurred by Decedent before he died as a result of being tased to death, without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

26. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of Fourth Amendment of the United States Constitution)**
**(42 U.S.C. §1983)**
**(**All Plaintiffs, as co-successors-in-interest Against Defendants POOLE, SIMPSON AND DOES 1-25, inclusive**)**

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 of this Complaint.

28. Defendant POOLE, SIMPSON and DOES 1-25's above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States

Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

29. Decedent was forced to endure great conscious pain and suffering because of Defendant POOLE and SIMPSON's conduct before his death.

30. Decedent did not file a legal action before his death.

31. Plaintiffs C.M., G.M., and A.M.., by and through their Guardian-Ad-Litem Kristina Compher; and nominal defendants K.M. and G.M., by and through their Mother/Guardian Brianna Latino, as co-successors-in-interest of CHRISTOPHER MURPHY, claim damages for the conscious pain and suffering incurred by CHRISTOPHER MURPHY, as provided for under 42 U.S.C. §1983.

32. Defendants POOLE, SIMPSON and DOES 1-25 acted under color of law by killing Decedent without lawful justification and subjecting Decedent to excessive force, thereby depriving Decedent of certain constitutionally protected rights, including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

**SECOND CAUSE OF ACTION**

**(Violations of Plaintiffs' Fourteenth Amendment Rights to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(**All Plaintiffs individually Against Defendants POOLE, SIMPSON and DOES 1-25**)**

33. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 of this Complaint.

34. Defendants POOLE, SIMPSON and DOES 1-25, acting under color of state law, and without due process of law, deprived Plaintiffs of their rights to a familial relationship by seizing Decedent by use of unreasonable, unjustified, deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and further attempted to conceal their extraordinary use of force and hide the true cause of Decedent's demise in order to deprive Plaintiffs of their rights to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

**THIRD CAUSE OF ACTION**

**(Violation of Plaintiffs' State Statutory Rights)**
**(Violation of California Civil Code § 52.1)**
**(**All Plaintiffs, as co-successors-in-interest Against Defendants POOLE, SIMPSON AND DOES 1-25, inclusive)

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

vii

36. Defendants POOLE, SIMPSON and DOES 1-25 above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Decedent Christopher Murphy's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

37. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,0000.

38. As a proximate result of Defendant's wrongful conduct, Decedent suffered as hereinafter set forth below.

## FOURTH CAUSE OF ACTION
## (WRONGFUL DEATH & NEGLIGENCE)
### (C.C.P. §§ 377.60 and 377.61)

(All Plaintiffs, as co-successors-in-interest Against Defendants POOLE, SIMPSON AND DOES 1-25, inclusive)

39. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

40. Defendants POOLE, SIMPSON and DOES 1-25 inclusive, by and through their respective agents and employees, proximately caused the death of Decedent Christopher Murphy, on December 8, 2016, as a result of their negligent conduct and/or negligent failure to act, as set forth herein.

41. As an actual and proximate result of said Defendant's negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their loved one, Decedent, in an amount according to proof at trial.

42. As a further actual and proximate result of said Defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

43. Pursuant to California C.C.P. §§ 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

viii

## FIFTH CAUSE OF ACTION
## (ASSAULT & BATTERY)

(All Plaintiffs, as co-successors-in-interest Against Defendants POOLE, SIMPSON AND DOES 1-25, inclusive)

44. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Defendants' above-described conduct constituted assault and battery. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

46. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages against POOLE, SIMPSON and DOES 1-25 in amounts to be determined according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

Date: July 9, 2021

Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS