UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.M., et al,<br><br>    Plaintiffs,<br><br>    v.<br><br>POOLE, et al.,<br><br>    Defendants. | No. 2:17-cv-02415-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on attorneys Melissa Nold and Patrick Buelna's Motion to Withdraw as counsel for Plaintiffs. (ECF No. 56.) Defendants Adam Poole and Michael Simpson filed a notice of non-opposition. (ECF No. 57.) For the reasons set forth below, the Court GRANTS the motion.

///
///
///
///
///
///
///

1

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion.  E.D. Cal. L.R. 182(d).  Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client.  *Id.*  Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct.  *Id.*

The decision to grant or deny a motion to withdraw is within a court's discretion.  *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay.  *See, e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

In the instant case, Plaintiffs' counsel has complied with Local Rule 182(d).  Plaintiffs' counsel has also shown withdrawal is proper under the California Rules of Professional Conduct.  More specifically, Plaintiffs' counsel moves to withdraw pursuant to California Rule of Professional Conduct 1.16(b)(4), which allows withdrawal when the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively."

Plaintiffs' counsel states there have been irreconcilable conflicts causing a breakdown in the attorney-client relationship.  (ECF No. 56-1 at 2.)  Based on this breakdown in communication, the Court finds there is good cause for Plaintiffs' counsel to withdraw.

The Court also finds there is a low risk of prejudice to Plaintiffs and the other litigants if this motion is granted as the parties recently sought a stay in the case to allow Plaintiffs to find new counsel.  Lastly, the Court cannot identify any harm to the administration of justice or possible delay that would result from granting the motion to withdraw.

///

For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw (ECF No. 56), leaving Plaintiffs in Pro Per.  This case is REFERRED to the assigned magistrate judge for all purposes, exclusive of the pretrial conference and trial. *See* Local Rule 302(c)(21). Plaintiffs' counsel are directed to serve this Order on Plaintiffs and then file proof of service — including all Plaintiffs' physical addresses — with the Court within fourteen (14) days of this Order showing that Plaintiffs have been properly served.

IT IS SO ORDERED.

**Date:  March 23, 2023**

Troy L. Nunley
United States District Judge