UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.M., et al., | No. 2:17-cv-2415-TLN-CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ADAM POOLE, et al., | |
| Defendants. | |

Plaintiffs G.M., C.M., and A.M., through their guardian ad litem, Kristina Comphor, are currently proceeding pro se in this action.[1] Plaintiffs have failed to prosecute this case. Accordingly, the undersigned recommends it be dismissed without prejudice.

**I.     Background**

Then represented by counsel, plaintiffs filed this lawsuit on November 15, 2017. (ECF No. 1.) The operative complaint is the second amended complaint, filed on July 9, 2021. (ECF No. 38.)

On March 24, 2023, the court granted plaintiffs' former attorneys' motion to withdraw as counsel, leaving plaintiffs pro se. (ECF No. 59.) Plaintiffs' former counsel were directed to serve the order granting the motion on plaintiffs and then file proof of service, including all plaintiffs'

---

[1] Because plaintiffs proceed pro se, this matter was referred to the undersigned under Local Rule 302(c)(21) for all purposes exclusive of the pretrial conference and trial.

1

physical addresses, with the court. (Id. at 3.) Former counsel were unable to provide the court with the plaintiffs' physical addresses due to an apparent eviction. (See ECF No. 63.) However, former counsel sent a copy of the order to the email address which had been used by plaintiffs for communication with counsel. (See ECF No. 61 at 2.) Former counsel also hired a process server who served plaintiff G.M. and guardian ad litem Kristina Comphor with the court's order granting the motion to withdraw as counsel. (See ECF No. 63-2.) To date, no plaintiff has appeared to prosecute the case pro se, inform the court of any further efforts to hire counsel, or otherwise communicated with the court.

## II.   Legal Standard

Under Eastern District Local Rule 183(a), an individual proceeding without an attorney is bound by the Federal Rules of Civil Procedure and all other applicable law. See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); Local Rule 183(a).

Before dismissing this case for failure to prosecute, the court weighs the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Ferdik, 963 F.2d at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

## III.   Discussion

The first two factors weigh in favor of dismissal because this case has already been delayed and is now unable to move forward due to plaintiffs' failure to prosecute. More than a year has passed since the court granted the motion to withdraw as counsel leaving plaintiffs pro se. For the same reason, the third factor also slightly favors dismissal. With the passage of time,

witnesses' memories fade and evidence becomes stale. Under the fourth factor, public policy favors disposition of cases on their merits, but plaintiff's failure to prosecute precludes a resolution on the merits. Under the fifth factor, availability of less drastic alternatives, there are none. Plaintiffs have not appeared to prosecute the case pro se, inform the court of any efforts to hire counsel, or otherwise communicated with the court.

In addition, plaintiffs are in violation of Local Rule 183(b) which directs, in relevant part, that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address." Plaintiffs' lack of communication with the court and failure to provide their current address leaves little alternative but to recommend dismissal of the case without prejudice. Plaintiffs' claims should be dismissed without prejudice so that any plaintiff who is still a minor can bring the action on their own upon reaching the age of majority. See Johns v. Cnty. of San Diego, 114 F.3d 874, 878 (9th Cir. 1997).

### IV.    Conclusion and Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. This case be dismissed without prejudice for plaintiffs' failure to prosecute.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 10, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
G.M.17cv2415.fr

3